UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| Tariq Muhammad, | : | Case No. 3:18-cv-341 |
| --- | --- | --- |
| Plaintiff, | : | |
| vs. | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Sharon L. Ovington |
| Love's Travel Stops and Country Stores, Inc., *et al.*, | : | |
| Defendants. | : | |

# REPORT AND RECOMMENDATIONS[1]

In days gone by, Plaintiff Tariq Muhammad worked for Defendant Love's Travel Stops and Country Store, Inc. His 71-page pro-se Complaint asserts that Defendant Love's Travel Stops and three individual Defendants discriminated against him in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17. The discrimination, he alleges, was based on his race, color, gender, religion, and national origin. The Complaint also asserts that Defendants retaliated against Plaintiff for reporting violations of company policies.

Defendants seek dismissal of Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted or, alternatively, an Order under Fed. R. Civ. P. 12(e) requiring him to provide a more definite statement of his claims. (Doc. #s 5, 13). Plaintiff opposes dismissal and finds that a more definite statement is unwarranted. (Doc. #s 8, 12).

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

Because Defendants proceed under Rule 12(b)(6), the Court accepts as true the Complaint's well-pleaded factual allegations, construes the Complaint in Plaintiff's favor, and draws all reasonable inferences in Plaintiff's favor. *Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016). To survive Defendants' Rule 12(b)(6) Motion, Plaintiff's Complaint "must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC,* 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A Complaint must also contain "more than mere 'labels and conclusions....'" *Stein v. HHGREGG, Incorporated*, 873 F.3d 523, 528 (6th Cir. 2017) (quoting, in part, *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (2007)).

Defendants contend that all of Plaintiff's claims against the individual Defendants—District Manager Paige Perkins; General Manager Jason Touhey; and Employee Relations Specialist Bryant Hunter—should be dismissed because Title VII permits civil actions against an employer, rather than Defendants like Perkins, Touhey, and Hunter in their individual capacities. Defendants are correct. "[A]n individual is not liable under Title VII unless they otherwise qualify as an employer despite a plain reading of the statute." *Maudlin v. Inside Out Inc*., 3:13cv354, 2014 WL 1342883, at *2 (S.D. Ohio 2014) (Rose, D.J.) (citing *Wathen v. General Elec. Co*., 115 F.3d 400, 405-06 (6th Cir. 1997)). Construing Plaintiff's *pro se* Complaint liberally in his favor and accepting his factual allegations as true, the Complaint produces no basis upon which a plausible inference that Defendants Perkins, Touhey, or Hunger are subject to potential Title VII liability as

2

employers. As a result, a Rule 12(b)(6) dismissal of Plaintiff's Title VII claims against them in their individual capacities is warranted.

Defendants next ask the Court to dismiss Plaintiff's claims for hostile-work environment and for unequal terms and conditions of employment due to his failure to exhaust these claims by raising them during his administrative proceedings with the EEOC. Defendants report that Plaintiff's EEOC charge contained a 17-paragraph description of the racial discrimination and retaliation he alleges occurred during his employment with Defendant Love's Travel but his nearly 300-paragraph Complaint in the present case appears to make claims not present in his EEOC charge or description.

Defendants might be onto something here: "As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in his EEOC charge." *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010) (citations omitted). However, "courts may … consider claims that are reasonably related to or grow out of the factual allegations in the EEOC charge." *Id.* at 362.

It is premature to determine whether Plaintiff's claims fall—under the general exhaustion rule or its exception—because his EEOC charge and the 17-paragraph description to which Defendants refer have not been filed in the record of this case. Without it, the Court cannot presently determine whether Defendants' exhaustion arguments have or lack merit. Additionally, Plaintiffs' very lengthy Complaint runs afoul of Fed. R. Civ. P. 8(A)(2) by failing to contain a "short and plain statement of the claim showing that [he] is entitled to relief…." Fed. R. Civ. P. 8(a)(2). Plaintiff's Complaint presents 6 "claims" over the course of nearly 15 pages. His factual allegations in these pages are unmoored from the

3

particular legal claims he might be raising. Then, starting on page 15, the Complaint provides the heading "Facts Of Plaintiff's Case," which is followed by 46 Counts (two of which are numbered "Eight") over the course of 50-plus pages. It appears be more akin to stream-of-conscience allegations than a short and plain statement that both adheres to Rule 8(a)(2) and strives to state a plausible claim for relief. "When it is virtually impossible to know which factual allegations in a pleading are intended to support which claims for legal relief, a motion for a more definite statement is appropriate." *Bostic v. Davis*, 15cv3929, 2017 WL 784814, at *2 (S.D. Ohio 2017) (citing *In re Laurel Valley Oil Co.*, No. 05–64330, 2012 WL 2603429, at *2 (N.D. Ohio 2012)). And "shotgun pleadings," like Plaintiff's Complaint "are generally disfavored by courts." *Id.* (citing, *e.g.*, *Lasson v. Brannon & Assocs.*, No. 3: 07cv0271, 2008 WL 471537, at *4–*5 (S.D. Ohio 2008) (Rose, D.J.)); *see Byrne v. Nezhat,* 261 F.3d 1075, 1129 (11th Cir. 2001) (describing the ills of shotgun pleadings), *abrogation on other grounds recognized by Douglas Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146, 1151 (11th Cir. 2011). Such pleadings prejudice defendants who must spend inordinate time and money trying to decipher the plaintiff's complaint and run the risk of not correctly guessing the particular claims that the plaintiff attempts to raise.

Plaintiff too is prejudiced by his own Complaint because it offers up facts and claims in a disjointed manner that confuses length with substance. The result is a Complaint to which Defendants cannot be reasonably expected to frame a meaningful responsive pleading or motion that addresses the substance of his claims. The case, moreover, cannot proceed in an organized manner or achieve the case-management goal of promoting a just, speedy, and inexpensive procedure for resolving the parties' differences. Plaintiff, moreover, agrees

4

with Defendants that his Complaint "can seem confusing in paragraphs where job titles are given but person(s) spoke of regarding those titles are not named, counts are duplicated, and face to face conversations Plaintiff had with persons named [in] Plaintiff's complaint seem to pose heresy." (Doc. #12, *PageID* #205). In these circumstances, Plaintiff must provide a more definite statement pursuant to Rule 12(e).

Accordingly, Defendants' Alternative Motion For A More Definite Statement is well taken. Plaintiff should be directed to file a more definite statement—within 14 days of an Order adopting this Report and Recommendations, *see* Rule 12(e)—in a First Amended Complaint that eliminates undue repetition and clarifies his facts and claims such that it provides Defendants with a reasonable opportunity to file a responsive pleading or motion.

**IT IS THEREFORE RECOMMENDED THAT**:

1. Defendants' Motion To Dismiss Plaintiff's Complaint (Doc. #5) be GRANTED in part, and Plaintiff's Title-VII claims against Defendants Perkins, Touhey, and Hunter in their individual capacities be DISMISSED;

2. Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. #5) be denied without prejudice in remaining part; and,

3. Defendants' Alternative Motion For A More Definite Statement (Doc. #5) be GRANTED, and Plaintiff be directed to file a First Amended Complaint as described herein

May 22, 2019                                *s/Sharon L. Ovington*
                                            Sharon L. Ovington
                                            United States Magistrate Judge

5

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).