# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| TARIQ MUHAMMAD, | : | Case No. 3:18-cv-00341 |
| Plaintiff, | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Sharon L. Ovington |
| vs. | : | |
| LOVE'S TRAVEL STOPS AND COUNTRY STORES, INC., *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff Tariq Muhammad brings this employment-discrimination case *pro se*. The Court previously granted, in part, Defendants' Motion to Dismiss, granted Defendants' Motion for a More Definite Statement, and granted Plaintiff leave to file a First Amended Complaint by June 24, 2019. (Doc. #15).

Plaintiff did not file a First Amended Complaint by June 24, 2019 or otherwise respond to the Court's Order. The Court then gave him another opportunity to file a First Amended Complaint and instructed him to do so by July 12, 2019. The Order also placed Plaintiff on notice that in the event he failed to timely respond, his case may be dismissed for failure to prosecute. (Doc. #16).

Plaintiff has not filed a First Amended Complaint. He has not taken any action in this case in response to the two Orders allowing him to file a First Amended Complaint.

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

Defendants have filed a presently pending Motion to Dismiss (Doc. #17), arguing that dismissal is warranted due to Plaintiff's lack of prosecution and his failure to follow Court Orders. Plaintiff did not respond to this Motion.

District courts have the inherent power to dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962); *see also Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute.") (citations omitted); *Carter v. City of Memphis,* 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under Rule 41(b), Fed. R. Civ. P., to enter a sua sponte order of dismissal.") (citation omitted). But, dismissal with prejudice for failure to prosecute is "'a harsh sanction which the court should only order in extreme situations showing a clear record of contumacious conduct by the plaintiff.'" *Carpenter*, 723 F.3d at 704 (quoting *Tung–Hsiung Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)). By comparison, "the sanction of dismissal *without prejudice* is a comparatively lenient sanction, and thus the controlling standards should be greatly relaxed … because the dismissed party is ultimately not irrevocably deprived of his day in court." *Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 556 (6th Cir. 2004) (citing *Nwokocha v. Perry,* 3 F. App'x 319, 321 (6th Cir. 2001) (*per curiam*)).

To determine whether dismissal for failure to prosecute is appropriate, four factors are considered:

> (1) whether the party's failure is due to willfulness, bad faith,

or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Carpenter*, 723 F.3d at 704 (quoting *Mulbah v. Detroit Bd. of Educ.,* 261 F.3d 586, 589 (6th Cir. 2001) (quotation marks omitted)).

In the present case, Plaintiff is at fault. As noted above, he has not filed a First Amended Complaint. He has not taken any action in this case in response to the two Orders allowing him to file a First Amended Complaint. And he has not taken any action in this case since January 31, 2019. This leaves the record void of any explanation for his failure to prosecute.

Defendants have suffered some prejudice as they have spent time and money on attempts to move this case towards finality. Plaintiff was warned that if he did not respond to the Order to file a First Amended Complaint by July 12, 2019, his case may be dismissed for failure to prosecute. Less drastic sanctions have not yet been imposed but the undersigned has considered whether to dismiss the case with or without prejudice. Given that Plaintiff has not participated in this case for nine months and that he has not provided the Court with any reason for his failure to prosecute, it seems that he has lost his motivation to pursue relief in this Court and many of his claims might well be time barred. For all these reasons, the applicable factors taken together support the sanction of dismissal of this case with prejudice.

**IT IS THEREFORE RECOMMENDED THAT**:

1. Defendants' Motion to Dismiss (Doc. #17) be GRANTED, and Plaintiff's

Complaint be dismissed with prejudice; and

2. The case be terminated on the Court's docket.

September 12, 2019

*s/Sharon L. Ovington*
Sharon L. Ovington
United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within FOURTEEN days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within FOURTEEN days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).